**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**ROBERT MARKS,**

    **Plaintiff,**     **CIVIL ACTION NO. 12-CV-11364**
  **vs.**

           **DISTRICT JUDGE JULIAN ABELE COOK**

**BANK OF AMERICA,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

    **Defendants.**
_____/

### REPORT AND RECOMMENDATION

**I.**  **RECOMMENDATION:** This Court recommends that the Motion to Dismiss filed by

Defendants Mortgage Electronic Registration Systems, Inc. and Bank of America, N.A. filed on

April 2, 2012  (docket no. 5) be terminated as **MOOT**; the Motion for Default Judgment filed by

Plaintiff on May 21, 2012 (docket no. 13) be **DENIED**; and the Motion to Dismiss Plaintiff's First

Amended Complaint filed by Defendants Mortgage Electronic Registration Systems, Inc. and Bank

of America, N.A. on May 4, 2012 (docket no. 10) be **GRANTED**.

   In light of the above recommendations, Defendant MERS and BANA's Motion to Strike

Plaintiff's Motion for Judgment of Default (docket no. 17) should be terminated as moot without

prejudice to the motion being reconsidered should the above recommendations not be adopted.

**II.**  **REPORT:**

   This matter comes before the Court on several motions.  The first motion is a Motion to

Dismiss filed by Defendants Mortgage Electronic Registration Systems, Inc. (MERS) and Bank of

America, N.A. (BANA) on April 2, 2012.  (Docket no. 5).  Plaintiff filed a response to the motion.

(Docket no. 7). The second motion, filed after Plaintiff filed a first amended complaint, is Defendant MERS and BANA's Motion to Dismiss Plaintiff's First Amended Complaint. (Docket no. 10). The Court ordered Plaintiff to file a response by May 31, 2012, but he did not file a response. (Docket no. 12). Instead, on May 21, 2012 Plaintiff filed a Motion for Default Judgment as to Defendants MERS and BANA. (Docket no. 13). Defendants filed a response to the motion. (Docket no. 16). Finally, on June 29, 2012 Defendants filed a Motion to Strike Plaintiff's Motion for Default Judgment. (Docket no. 17). The Court ordered Plaintiff to file a response to the motion by July 20, 2012, but he did not file a response. (Docket no. 20). The Motions to Dismiss and Motion for Default Judgment have been referred to the undersigned for recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket nos. 6, 11, 14). The Motion to Strike has been referred for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 18). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). These matters are now ready for ruling.

**A.    Procedural Background**

Plaintiff filed suit against Defendants MERS and BANA on March 5, 2012 in the Oakland County Circuit Court. Defendants removed the complaint on March 26, 2012. The complaint seeks to quiet title and alleges that Plaintiff was fraudulently divested of all interest in his property by way of silent fraud when his property was sold in a foreclosure sale on October 4, 2011. On April 2, 2012 Defendants filed a Motion to Dismiss. (Docket no. 5). Subsequently, Plaintiff filed a first amended complaint. (Docket no. 9). The first amended complaint states that Plaintiff initiated an investigation after Defendants failed to validate his debt and "discovered certain bogus instruments which purported to divest Plaintiff of all interest in the subject property by way of silent fraud." (Docket no. 9). The amended complaint alleges that Defendants "breached the agreement" by

2

creating fraudulent documents "by known robo signers" which "purported to contract with Plaintiff by way of silent fraud" and misrepresentation.  It further claims that Jeanne Kivi, the individual who signed documents on behalf of MERS, did so without authorization to act for MERS.  The first amended complaint sets forth the following six counts: (1) breach of contract, (2) violation of contract also validation, (3) violation of the servicer performance agreement, (4) violation of the Uniform Commercial Code, (5) failure of validation is a REMIC violation, and (6) unjust enrichment.  On May 4, 2012 Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint.  (Docket no. 10).

On May 21, 2012 Plaintiff filed a Motion for Judgment of Default which states that Defendant MERS and BANA failed to plead or defend.  Plaintiff in his motion requests that he be permitted to "record a discharge of the Mortgage and lien," and be given "full possession and right" in all interests conveyed by the warranty deed.  (Docket no. 13).  Defendants responded to the motion and filed a separate Motion to Strike Plaintiff's Motion for Default Judgment.  (Docket nos. 16, 17).

**B.     Standard**

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).  When federal subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction exists.  *Michigan S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.,* 287 F.3d 568, 573 (6th Cir. 2002).

When determining a motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the

3

plaintiff's allegations present plausible claims. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). To survive a Rule 12(b)(6) motion to dismiss "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted). Although the court is obligated to take all factual allegations in the complaint as true, it is not bound to accept as true legal conclusions that are masquerading as factual allegations. *Id.* "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

**C.    Analysis**

*1.    Defendants MERS and BANA's Motion to Dismiss the Original Complaint*

Defendants MERS and BANA filed a Motion to Dismiss Plaintiff's original complaint on April 2, 2012, which remains pending before this Court. (Docket no. 5). Because the first amended complaint supersedes and replaces the original complaint, Defendants' Motion to Dismiss the original complaint should be terminated as moot.

*2.    Plaintiff's Motion for Default Judgment*

Plaintiff moved for a default judgment on May 21, 2012, claiming that he filed an application for default after Defendants failed to pled or defend. (Docket no. 13). No entry of default has been entered in this case. Indeed, the clerk of court has repeatedly denied Plaintiff's multiple applications for entry of default and default judgment. (Docket nos. 19, 23-29). Defendants timely filed Motions

to Dismiss in response to the original and first amended complaints.  Accordingly, Plaintiff's Motion for Default Judgment should be denied.

3.      *Defendants MERS and BANA's Motion to Dismiss Plaintiff's First Amended Complaint*

Defendants seek dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6), arguing that Plaintiff lacks standing to challenge the sheriff's sale or to raise any claims related to the property because the statutory period of redemption has expired, or in the alternative, that Plaintiff has failed to state plausible claims for relief.

In support of their motion Defendants submitted a copy of the Note, Mortgage, Assignment of Mortgage, and Sheriff's Deed.  Plaintiff did not attach these documents to his amended complaint, or refer to them by title.  However, Plaintiff claims in his amended complaint that he is the lawful owner of the subject property, he was defrauded out of his interest in the property through false and irregular documents, and he challenges Jeanne Kivi's signature on the assignment of mortgage.  The undersigned concludes that the documents attached to Defendants' motion are central to Plaintiff's claims and may be considered by the Court without converting the motion into one for summary judgment under Federal Rule of Civil Procedure 56.

Defendants show that Plaintiff borrowed the sum of one hundred sixty four thousand and eight hundred ($164,800.00) dollars from Countrywide Home Loans, Inc. on November 16, 2006, and as security for the loan granted MERS, as nominee for the lender, a mortgage interest in real property located at 27356 Aberdeen Street in Southfield, Michigan.  (Docket no. 10, ex. 1, 2).  On December 23, 2010 MERS assigned the mortgage to BAC Home Loans Servicing. L.P.  (Docket no. 10, ex. 3).  According to Defendants, sometime thereafter Plaintiff defaulted on his loan obligations. Defendants show that a written notice dated December 28, 2011 was served upon Plaintiff informing

him of the reason for the default and the amount due and owing, among other information required under Mich. Comp. Laws 600.3205a. (Docket no. 10, ex. 4). An Affidavit of MCL 600.3205 Notice states that Plaintiff requested a meeting pursuant to Mich. Comp. Laws 600.3205b, no agreement could be reached, plaintiff was not eligible for a loan modification, and ninety days from the date of the notice had passed. Defendants demonstrate that notice of the foreclosure sale was published in the Oakland County Legal News for four successive weeks from August 5 through August 26, 2011. (Docket no. 10, ex. 4). Defendants further show that notice was posted in a conspicuous place upon the premises on August 8, 2011. On October 4, 2011 a sheriff's sale took place at which BANA, as successor by merger to BAC Home Loans Servicing, L.P., purchased the property for $216,496.51. The last day for Plaintiff to redeem the property was April 4, 2012. (Docket no. 10, ex. 4). On March 5, 2012 Plaintiff filed his complaint in state court. The case was removed on March 26, 2012. Defendants state that Plaintiff did not make any effort to redeem the property before the period of redemption expired, and Plaintiff does not state otherwise.

As previously indicated, Defendants seek dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff lacks standing to challenge the sheriff's sale or to raise any claims related to the property because the statutory period of redemption has expired. Mich. Comp. Laws § 600.3236 provides that upon expiration of the statutory redemption period, the purchaser of a sheriff's deed is vested with "all the right, title, and interest" of the mortgagor in the property. Thus Plaintiff lost all legal title and interest to the Property when the redemption period expired. However, equitable relief from the strict provisions of the redemption statute may be available in cases where there is clear evidence of fraud, accident, or mistake. *Senters v. Ottawa Sav. Bank, FSB*, 503 N.W.2d 639, 643 (Mich. 1993); *Angeleri v. B &*

6

*P Grp., Inc.*, No. 260134, 2006 WL 2422582, at *1 (Mich. Ct. App. Aug. 22, 2006). "[T]he type of fraud sufficient to set aside a foreclosure sale must generally relate to the foreclosure procedure or sale itself." *Whitfield v. OCWEN Berkeley Fed. Bank & Trust*, No. 221248, 2001 WL 1699782, at *2 (Mich. Ct. App. Dec. 28, 2001). *See also Ellison v. Wells Fargo Home Mortg., Inc.*, No. 09-cv-14175, 2010 WL 3998091, at *4 (E.D. Mich. Oct. 12, 2010).

Defendants rely on *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009), in support of their argument that Plaintiff lacked standing to challenge the foreclosure because he no longer had any interest in the property once the redemption period expired. Courts have recently concluded that *Overton* is best viewed as a merits case, not a standing case. These courts have concluded that a plaintiff's complaint should not be dismissed on the basis of standing simply because the statutory period of redemption has expired, but rather the complaint should be considered on its merits to determine if the foreclosure proceeding was tainted by fraud, accident, or mistake. *See Langley v. Chase Home Fin. LLC*, No. 10-604, 2011 WL 1130926, at *2 n.2 (W.D. Mich. March 28, 2011); *Brezzell v. Bank of Am., N.A.*, No. 11-11467, 2011 WL 2682973, at *4 n.3 (E.D. Mich. July 11, 2011); *Moss v. Wells Fargo Bank, N.A.*, No. 11-13429, 2012 WL 1050069, at *3-4 (E.D. Mich. March 28, 2012); *Lamie v. Fed. Home Loan Mortg. Corp.*, No. 11-156, 2012 WL 1835243, at *3-4 (W.D. Mich. May 21, 2012). Given the above analysis, the undersigned recommends that the Court deny Defendants' request to dismiss Plaintiff's claims for lack of standing.

Nevertheless, Defendants are entitled to dismissal because the redemption period has expired and Plaintiff has not stated sufficient facts to allege a plausible claim that the foreclosure proceedings or sale were tainted with fraud or irregularity. Plaintiff's general allegations and breach

of contract claim (Count 1) make vague allegations that he discovered "certain bogus instruments which purported to divest [him] of all interest in the subject property by way of silent fraud." (Docket no. 9).  He also claims that "[f]raud and irregularity are throughout the documents," claims that robo signer Jeanne M. Kivi created fraudulent documents, including the assignment of mortgage, that "purported to contract with Plaintiff by way of silent fraud [and] misrepresentation," and alleges that Kivi did not have the authority to sign documents on behalf of MERS.

Plaintiff's claim for "violation of contract also validation" (Count 2) alleges that Defendants failed to validate the debt upon request and had no record of a lien at the Register of Deeds office. In Count 3, "violation of the servicer performance agreement," Plaintiff alleges that Defendants violated the service performance agreement because of their poor bookkeeping, violated Real Estate Mortgage Investment Conduits (REMIC), the Real Estate Settlement Procedures Act, and the Fair Credit Reporting Act.  Count 4 purports to state a claim for violation of the Uniform Commercial Code. Count 5 asserts a claim entitled "Failure of Validation is a REMIC violation," and claims that Defendants are in violation of the servicer performance agreement and REMIC laws.  Finally, Count 6, entitled "Unjust Enrichment," claims that Defendants violated the Truth in Lending Act and have been unjustly enriched.

Plaintiff's claims in Count 1 through Count 6 are stated in a conclusory fashion without factual allegations to support the conclusions, and as such are not entitled to a presumption of correctness.  Here, the subject property was sold at a sheriff's sale and the redemption period has expired.  Plaintiff has not stated facts sufficient to make a clear showing of fraud or irregularity in the process.  Nor has Plaintiff stated sufficient facts to raise plausible claims for relief under Counts 1 through 6 of the first amended complaint.  The Court therefore recommends that Defendants

8

MERS and BANA's Motion to Dismiss Plaintiff's First Amended Complaint (docket no. 10) be granted.

4.      *Motion to Strike Plaintiff's Motion for Default Judgment*

In light of the above recommendation of dismissal, and recommendation that Plaintiff's Motion for Default Judgment be denied, this Court recommends that Defendants' Motion to Strike Plaintiff's Motion for Default Judgment be terminated as moot.

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

9

Dated: November 1, 2012                    s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Robert Marks and Counsel of Record on this date.

Dated: November 1, 2012                    s/ Lisa C. Bartlett
                                            Case Manager

10