UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MARKS,

        Plaintiff,

v.                                                 Case No. 12-11364
                                                  Hon. Julian Abele Cook, Jr.
BANK OF AMERICA and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,

        Defendants.

## ORDER

This case involves allegations by the Plaintiff, Robert Marks, who complains that the Defendants, Bank of America and Mortgage Electronic Registration Systems, violated several federal and state laws in connection with a mortgage transaction and subsequent foreclosure proceedings relating to his home. Currently before the Court is a report from Magistrate Judge Mona K. Majzoub, who has recommended that this Court (1) terminate the Defendants' motion to dismiss filed on April 2, 2012 for mootness;  (2) deny the Plaintiff's motion for default judgment; (3) terminate the Defendants' motion to strike the Plaintiff's motion for default judgment as being moot; and (4) grant the Defendants' motion to dismiss the Plaintiff's first amended complaint.

A district court reviews any objections to the report and recommendation of a magistrate judge on a dispositive motion de novo. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(3). The failure by either party to file specific objections constitutes a waiver of the right to appeal the magistrate's recommendations. *Thomas v. Arn,* 474 U.S. 140, 155

(1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins,* 7 F. App'x. 354, 356 (6th Cir. 2001) (citing *Miller*, 50 F.3d at 380). The Sixth Circuit has explained that this specificity requirement is necessary to conserve judicial resources. *Howard*, 932 F.2d at 509 (if review of general objection is permitted, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act").

In this case, the parties were warned by explicit instructions included at the conclusion of the Magistrate Judge's report that any objections must be made with specificity. The text of those instructions is as follows: "Failure to file specific objections constitutes a waiver of any further right of appeal. . . . Any objections must be labeled as 'Objection #1,' 'Objections #2,' etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains." Report & Recommendation 9 (ECF No. 31) (internal citations omitted).

The Defendants have not filed any objections to the Magistrate Judge's recommendations. Marks, on the other hand, timely filed his objections but failed to present them with the required specificity. His filing consists of a recitation of the

procedural background of the case, a reiteration of some of the allegations of fraud found in the complaint, and a general request that the Court deny the Defendants' motion to dismiss. He does not identify any specific factual or legal finding within the Magistrate Judge's report that are believed by him to be erroneous.

Because Marks has failed to make any specific objections to the Magistrate Judge's report, but instead merely reiterates his original claims, his filing will be treated as a failure to object. *Howard*, 932 F.2d at 509 (6th Cir. 1991). Accordingly, inasmuch as the period of time for filing objections has now expired, this Court adopts the report, including the recommendations of the Magistrate Judge, in its entirety.

IT IS SO ORDERED.

Date: March 6, 2013
s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
U.S. District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 6, 2013.

s/ Kay Doaks
Case Manager